**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| Omnitek Partners LLC, <br><br> Plaintiff, <br><br> v. <br><br> Volvo Car USA, LLC dba Volvo, and Volvo Car Corporation <br><br> Defendants. | **Civil Action No. 6:20-cv-441** <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Omnitek Partners LLC ("Omnitek" or "Plaintiff"), for its Complaint against Defendants Volvo Car USA, LLC ("Volvo USA") and Volvo Car Corporation ("Volvo CC"), (collectively "Volvo" or "Defendants") alleges the following:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

2.      Plaintiff Omnitek is a Limited Liability Company organized under the laws of the State of New Jersey with a place of business at 85 Air Park Drive, Unit 3, Ronkonkoma, New York, 11779.

3.      Omnitek is the current assignee of United States Patent Nos. 8,645,057 ("the '057 patent) (Exhibit A), and 8,224,569 ("the '569 patent")(Exhibit B)(collectively "the patents in suit.").

4.      On or around October 14, 2005, Omnitek acquired 100% ownership of all right, title and interest in the patents in suit, including the right to bring patent enforcement actions for damages.  The assignment to Omnitek of ownership of both the '057 patent and the '569 patent was recorded with the United States Patent & Trademark Office ("USPTO") on or around October 21, 2005 by virtue of the assignment of the original parent application referencing all subsequent related applications and recorded at Reel 017101, Frame 0819 of the USPTO assignment records.

5.      On information and belief, Defendant Volvo CC is a foreign corporation having its principal place of business at Gropegårdsgatan 2, 417 15 Göteborg, Sweden.  Volvo CC makes use of computerized navigation technologies worldwide, including in the United States.

6.      On information and belief, Defendant Volvo USA is a corporation organized and existing under the laws of New Jersey, with a principal place of business 1 Volvo Drive Rockleigh, NJ 07647, United States.  Upon information and belief, Volvo USA uses, sells, and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

7.      Volvo USA is a subsidiary of Volvo CC.  On information and belief, both defendants, Volvo USA and Volvo CC (collectively referred to as "Volvo" or "Defendants") act in concert regarding the allegations set forth in this Complaint and, therefore, the conduct described herein are fairly attributable to either or both entities.

## JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

9.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10.     Venue with respect to Defendant Volvo CC is proper in this District under 28

U.S.C. § 1391(c)(3) because Defendant Volvo CC is not a resident of the United States, and also

under 28 U.S.C. § 1391(b)(2) because Volvo CC, imports, sells and offers to sell products and

services throughout the United States, including in this District, and introduces products and

services into the stream of commerce and effectuates these sales knowing that the products and

services would be sold in this District and elsewhere in the United States.

11.     This Court has personal jurisdiction over Volvo CC.  Defendant Volvo CC is

amenable to service of summons for this action.  Defendant Volvo CC has sought protection and

benefit from the laws of the State of Texas by maintaining one or more of its United States

affiliates (Defendant Volvo USA.) in this District and/or by placing infringing products and

services into the stream of commerce through an established distribution channel with the

awareness and/or intent that they will be purchased by consumers in this District.

12.     Volvo CC – directly or through intermediaries (including distributors, retailers,

and others), subsidiaries, alter egos, and/or agents – ships, distributes, offers for sale, and/or sells

its products and services in the United States and this District.  Volvo CC has purposefully and

voluntarily placed one or more of its infringing products into the stream of commerce with the

awareness and/or intent that they will be purchased by consumers in this District.  Volvo CC

knowingly and purposefully ships infringing products into and within this District through an

established distribution channel.  These infringing products have been and continue to be

purchased by consumers in this District.  Upon information and belief, through those activities,

Volvo CC has committed the tort of patent infringement in this District.

13.     On information and belief, Defendant Volvo CC is subject to this Court's general and specific personal jurisdiction because Volvo CC has sufficient minimum contacts within Texas and this District, because Defendant Volvo CC purposefully availed itself of the privileges of conducting business in Texas and in this District, because Defendant Volvo CC regularly conducts and solicits business within Texas and within this District, and because Plaintiff's causes of action arise directly from Defendant Volvo CC's business contacts and other activities in Texas and this District.  Having purposefully availed itself of the privilege of conducting business within this District, Defendant Volvo CC should reasonably and fairly anticipate being brought into court here.

14.     Regarding Defendant Volvo USA, venue is proper within this District under 28 U.S.C. § 1400(b) because, on information and belief, Volvo USA maintains a regular and established place of business in this District, Garlyn Shelton Imports Volvo – 5700 S.W.H.K. Dodgen Loop, Temple, TX 76502, and has committed infringing acts in this District.  These infringing acts include at least its sales of Accused Instrumentalities in this District and also under 28 U.S.C. § 1391(b)(2) because Volvo USA sells and offers to sell products and services throughout the United States, including in this District, and introduces products and services into the stream of commerce and effectuates these sales knowing that the products and services would be sold in this District and elsewhere in the United States.

15.     Volvo USA – directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents – ships, distributes, offers for sale, and/or sells its products in the State of Texas and this District.  Volvo USA has purposefully and voluntarily placed its infringing products into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District.  Volvo USA knowingly and purposefully

ships infringing products into and within this District through an established distribution channel. These infringing products have been and continue to be purchased by consumers in this District. Upon information and belief, through those activities, Volvo USA has committed the tort of patent infringement in this District.

16.     On information and belief, Volvo USA is subject to this Court's general and specific personal jurisdiction because Volvo USA has sufficient minimum contacts within the State of Texas and this District (including via use and/or sales of Defendants' products and services), pursuant to due process and/or the Texas Long Arm Statute because Volvo USA purposefully availed itself of the privileges of conducting business in the State of Texas and in this District, because Volvo USA regularly conducts and solicits business within the State of Texas and within this District, and because Plaintiff's causes of action arise directly from Volvo USA's business contacts and other activities in the State of Texas and this District.  Having purposefully availed itself of the privilege of conducting business within this District, Volvo USA should reasonably and fairly anticipate being brought into court here.

## **BACKGROUND**

### **The Invention**

17.     The Plaintiff is the owner by assignment of a portfolio of patents, including the two patents described in detail in the counts below (collectively, the "Asserted Patents").  The two patents relate to technology for providing driving directions, including permitting variations as to preferences in the routing provided such as, but not limited to, generating intermediate addresses in the routing provided.  A true and correct copy of the '057 patent is attached as Exhibit A; the '569 patent is attached as Exhibit B.

18.     Omnitek is the rightful owner of the Asserted Patents and holds the entire right, title, and interest in the Asserted Patents.

**Advantage Over the Prior Art**

19.     The patented invention disclosed in the '057 and '569 patents provide many advantages over the prior art and in particular, allow parties to select addresses or locations to be used for guidance and generate customized routes between these addresses or locations based on a user's preferences.  For example, the inventions allow parties to generate driving instructions from a named road to an ending address or location, while also detailing that the generated route not include a specified type of road, such as an interstate.  ('057 patent at 2:61-3:5, '569 patent at 3:32-43.)

20.     Another advantage of the patented invention is that a user of the patented invention may customize the generated directions to suit the user's particular needs for a particular trip.  For example, the patented invention allows a user to input an instruction to start from a specific nearby road, rather than including instructions from the user's current location to the specific nearby road.  ('057 patent at 3-6:26, '569 patent at 3:44-64.)

21.     Yet another advantage of the patented invention is that the user may select starting and ending addresses or locations on a map without any associated text entry.  For example, the patented invention allows a user to click on a starting address or location on a map to indicate the directions should be generated starting from that first clicked location, and then clicking on an ending address or location on the map to indicate the directions generated should conclude at that second clicked location.  (*See* '057 patent at 1-62:67, '569 patent at 2:32-37.)

22.     Because of at least the above described significant advantages that can be achieved through the use of the patented invention, Omnitek believes that the '057 and '569 patents present commercial value for companies like Volvo.

**Technological Innovation**

23.     The patented invention disclosed in the '057 and '569 patents resolves technical problems related to computerized navigation technologies, particularly problems related to the lack of customization options available to suit the particular needs or preferences of a user.  As the '057 and '569 patents explain, it was known in the art how one may typically obtain driving directions from software or at an Internet website.  ('057 patent at 1:23-26, and '569 patent at 1:19-22.)  Typically, a user would enter a starting address and an ending address into a navigation service which would then interpret these addresses to generate driving directions to be displayed to the user.  ('057 patent at 1:26-28, and '569 patent at 1:22-24.)  In order to generate these directions, these services used a system to determine the best routes for the user.  ('057 patent at 1:28-30, and '569 patent at 1:24-26.)  This system may include a weighting system that assigned certain weights to different types of roads, including small roads, secondary roads, highways, or interstates.  ('057 patent at 1:30-34, and '569 patent at 1:26-30.)  Depending on the distance between the provided addresses, the services may have generated directions and routes including travel by way of highways.  ('057 patent at 1:34-36, and '569 patent at 1:30-32.)

24.     Although these prior services were useful in providing these directions, the services did not allow a user to customize the directions generated to suit the user's particular needs or preferences.  ('057 patent at 1:36-38, and '569 patent at 1:32-34.)  As such, there existed a need for a system or method to allow the user to enter very specific instructions for starting and ending addresses, including the setting of user preferences.

25.     The invention described in the '057 and '569 patents offers an improved method for electronically generating driving directions.  ('057 patent at 1:44-45, and '569 patent at 1:40-41.)  The patented invention improved upon earlier services and methods of the prior art by indicating one or more preferences for the directions or route to be generated.  (*See* '057 patent at

2:61-3-58, '569 patent at 3:32-4:29.)  In particular, the patented invention allows a user to set preferences, including a preference to use no roads of a particular type, ('057 patent at 3:3-5, and '569 patent at 3:41-43,) or a preference to start the driving directions from a particular road ('057 patent at 3:27-33, and '569 patent at 3:65-4:4.)

26.    Another limitation in the prior art was the reliance on the requirement of text in describing the starting and ending addresses.  The patented invention overcomes this limitation by allowing the user to select or indicate starting and ending locations by selecting these locations on a map using any of a plurality of gestures, including clicking and dragging.  (*See* '057 patent at 1-62:67, '569 patent at 2:32-37.)

27.    The claims of the '057 and '569 patents do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '057 and '569 patents recite one or more inventive concepts that are rooted in computerized navigation technologies, and overcome problems specifically arising in the realm of these technologies.

28.    The claims of the '057 and '569 patents recite an invention that is not merely the routine or conventional use of computerized navigation technology.  Instead, the invention makes it possible to interact the navigation in a way that allows a user to customize the generated route according to the user's preferences.  The claims of the '057 and '569 patents thus specify how navigation input, output, and system devices are manipulated to yield a customized navigation experience based on the entries of the user.

29.    The technology claimed in the '057 and '569 patents does not preempt all ways of using interactive navigation technology, nor preempt the use of any well-known navigation technology, nor preempt any other well-known or prior art technology.

30.     The claims of the '057 and '569 patents are not directed to any "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," nor are any of the claims "a building block of the modern economy."

31.     The claims of the '057 and '569 patents are directed toward a solution rooted in computer technology and uses technology, unique to computers and networks, to overcome a problem specifically arising in the realm of computerized navigation technologies.

32.     The claims of the '057 and '569 patents are not directed at a mere mathematical relationship or formula.

33.     The claims of the '057 and '569 patents cannot be performed by a human, in the human mind, or by pen and paper.

34.     Accordingly, each claim of the '057 and '569 patents recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

35.     Plaintiff is the assignee and owner of the right, title, and interest in, and to, the '057 and '569 patents, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,465,057

36.     The allegations set forth in the foregoing paragraphs 1 through 35 are incorporated into this First Claim for Relief.

37.     On February 4, 2014, the United States Patent and Trademark Office duly and legally issued the '057 patent.  The '057 patent is titled "Software Based Driving Directions." The application leading to the '057 patent was filed on March 19, 2013.  A true and correct copy of the '057 patent is attached hereto as Exhibit A.

38.     Upon information and belief, Volvo directly infringes and continues to directly infringe at least claim 10 of the '057 patent, in the United States, under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, making, using, selling, offering to sell, importing and/or providing and/or causing to be used technologies for practicing a method for electronically generating driving directions through the Volvo Sensus Navigation System ("Sensus system") technology incorporated into the vehicles designed, manufactured, sold and distributed by Volvo, (*see* https://www.volvocars.com/intl/why-volvo/human-innovation/future-of-driving/connectivity/sensus-navigation, last accessed and downloaded May 28, 2020,) along with related systems and software for access and use of such methods (the "Accused Instrumentalities") as in claim 10 of the '057 patent.  (*See* Omnitek's Claim Chart for claim 10 of the '057 patent, Ex. C at 1-10.)  Volvo's Sensus system is a "fully integrated, connected navigation system that helps you get where you want to go as easily as possible," for Volvo automobiles.  (*See id.*)

39.     On information and belief, Volvo is a for-profit organization with revenues of approximately $44 billion U.S.D. per year.  Moreover, Volvo, its employees and/or agents make, use, sell, offer to sell, import, and/or provide and/or cause to be used the Accused Instrumentalities for Defendants' partners and customers, leading to direct or indirect revenues and profit.  On information and belief, without the availability of infringing tools such as the Accused Instrumentalities, Defendants would be at a disadvantage in the marketplace and would generate less revenue and profit overall.

40.     In particular, claim 10 of the '057 patent generally recites a method for electronically generating driving directions from a starting location to an ending location, the method comprising: indicating the ending location; indicating one or more preferences for the

directions; and generating driving directions based on the indicated starting address, ending address, and one or more preferences; wherein at least one of the one or more preferences comprises an indication to generate driving directions that include a named road or highway.. (Ex. C at 4-10.)

41.     Use of the Accused Instrumentalities by Defendants' partners, customers, and/or end users infringes claim 10 of the '057 patent through a combination of features which collectively practice each limitation of claim 1.  (Ex. C at 4-10.)

42.     Volvo provides a method for electronically generating driving directions from a starting location to an ending location.  (Ex. C at 4.)  When in use, the Sensus system "guides you to a destination and provides information along the route."  (Ex. C at 6; *see also* https://www.manualslib.com/download/779801/Volvo-Sensus-Navigation.html, last accessed and downloaded May 28, 2020.)

43.     The Volvo method also includes indicating the ending location.  Once the Volvo navigation system is activated, the user then selects an ending address by, in one example, entering the city, street and street number of a desired location and confirming this as the ending address.  (Ex. C at 6; *see also* https://www.youtube.com/watch?v=KVlujeJ67N0, last accessed and downloaded May 28, 2020.)

44.     The Volvo method also includes indicating one or more preferences for the directions.  (Ex. C at 9-10.)  For example, the Volvo system allows a user to revise the route by selecting other route options, including adding a waypoint to the route (*See* Ex. C. at 7 and https://www.youtube.com/watch?v=MHR55WnZ1yo, last accessed and downloaded May 28, 2020.)

45.     The Volvo method also provides generating driving directions based on the indicated starting address, ending address, and one or more preferences.  For example, once the ending destination is set, the Sensus system begins "Calculating [the] route," inherently including the route generated based on the selected route preferences.  (Ex. C at 8; *see also* https://www.youtube.com/watch?v=MHR55WnZ1yo, last accessed and downloaded May 28, 2020.)

46.     The method provided by Volvo also provides wherein at least one of the one or more preferences comprises an indication to generate driving directions that include a named road or highway.  (Ex. C at 9-10.)  For example, the Sensus system allows the user to enter a junction, such as a named road, as a waypoint for a route.  (Ex. C at 9-10; *see also* https://www.youtube.com/watch?v=MHR55WnZ1yo and https://www.manualslib.com/download/779801/Volvo-Sensus-Navigation.html at 45, last accessed and downloaded May 28, 2020.)

47.     Use of the Accused Instrumentalities by Defendants' partners, customers, and/or end users infringes claim 10 of the '057 patent through a combination of features which collectively practice each limitation of claim 10.  (*See* Ex. C at 1-10.)

48.     On information and belief, these Accused Instrumentalities are used marketed, provided to, and/or used by or for each of Defendants' partners, clients, customers, and end users across the country and in this District.

49.     Defendants were made aware of the '057 patent and its infringement thereof at least as early the filing of this Complaint.

50.     Upon information and belief, since at least the time Defendants received notice, Defendants have induced and continues to induce others to infringe at least one claim of the '057

patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or conscious blindness, actively aiding and abetting others to infringe, including but not limited to each of Defendants' partners, clients, customers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '057 patent.

51.     In particular, Volvo's actions that aid and abet others to infringe include advertising and/or providing support services to partners contracted by Volvo or by distributing the Accused instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities which actively induce a user of the Volvo system to infringe the Asserted Claims.   For example, Volvo provides potential users with detailed instruction materials on how to operate the Sensus system in a way that infringes at least one claim of the '057 patent.  (Source: https://www.volvocars.com/uk/support/topics/maps-navigation/navigation-services, last accessed and downloaded May 28, 2020.)

52.     In addition, on information and belief, Volvo encourages its employees, contract workers, customers, and other third parties to use the Accused Instrumentalities.  (*See* https://www.volvocars.com/intl/why-volvo/human-innovation/future-of-driving/connectivity/sensus-navigation; and https://www.volvocars.com/uk/about/human-innovation/future-of-driving/connectivity; all last accessed and downloaded May 28, 2020.)

53.     Additionally, on information and belief, Volvo promotes the Accused Instrumentalities through advertising.  (*See* https://www.volvocars.com/intl/why-volvo/human-innovation/future-of-driving/connectivity/sensus-navigation; and https://www.volvocars.com/uk/about/human-innovation/future-of-driving/connectivity; all last accessed and downloaded May 28, 2020.)

54.   Volvo further provides technical support to help users of the Accused Instrumentalities address technical concerns.  (Source: Source: https://www.volvocars.com/uk/support/topics/car-systems; https://www.volvocars.com/uk/support/topics/maps-navigation/navigation-services, all last accessed and downloaded May 28, 2020.)

55.   Upon information and belief, Volvo has engaged in such actions with specific intent to cause infringement or with conscious blindness to the resulting infringement because Volvo has had actual knowledge of the '057 patent and that its acts were inducing the infringement of the '057 patent since at least the date Volvo received notice by this Complaint that such activities infringed the '057 patent.

56.   Upon information and belief, Defendants are liable as contributory infringers of the '057 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States computerized navigation technologies, including firmware, software and/or code with instructions for following the methods of the Asserted Claims in operating the Sensus system in the Volvo cars, that is especially made or adapted for use in an infringement of the '057 patent.  These Accused Instrumentalities are a material component for use in practicing the '057 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

57.   Volvo was made aware of the '057 patent and its infringement thereof at least as early as the filing and service of this Complaint.  Despite Plaintiff's notice to Volvo by this Complaint regarding the '057 patent, the Defendants continue to infringe the '057 patent.

58.   Plaintiff Omnitek has been harmed by Volvo's infringing activities with respect to the '057 patent.

59.     Omnitek reserves the right to modify its infringement theories as discovery progresses in this case.  It shall not be estopped for purposes of its infringement contentions or its claim constructions by the claim charts it provides with this Complaint.  Omnitek intends the claim chart (Exhibit C) for the '057 patent to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  The claim chart is not Omnitek's preliminary or final infringement contentions or preliminary or final claim construction positions.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,224,569**

60.     The allegations set forth in the foregoing paragraphs 1 through 35 are incorporated into this First Claim for Relief.

61.     On July 17, 2012, the United States Patent and Trademark Office duly and legally issued the '569 patent.  The '569 patent is titled "Software Based Driving Directions."  The application leading to the '569 patent was filed on December 22, 2009.  A true and correct copy of the '569 patent is attached hereto as Exhibit B.

62.     Upon information and belief, Volvo directly infringes and continues to directly infringe at least claim 2 of the '569 patent, in the United States, under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by, among other things, making, using, selling, offering to sell, importing and/or providing and/or causing to be used a method for electronically generating driving directions without text entry in its Volvo Sensus Navigation System ("Sensus system") technology incorporated into the vehicles designed, manufactured, sold and distributed by Volvo, (see https://www.volvocars.com/intl/why-volvo/human-innovation/future-of-driving/connectivity/sensus-navigation, last accessed and downloaded May 28, 2020,) along with related systems and software for access and use of such methods (the "Accused Instrumentalities") as in claim 2 of the '569 patent.  (See Omnitek's Claim Chart for claim 2 of the '569 patent, Ex. D at 1-11.)  Volvo's Sensus is a "fully integrated, connected navigation

system that helps you get where you want to go as easily as possible," for Volvo automobiles. (*See id.*)

63.     On information and belief, Volvo is a for-profit organization with revenues of approximately $44 billion U.S.D. per year.  Moreover, Volvo, its employees and/or agents make, use, sell, offer to sell, import, and/or provide and/or cause to be used the Accused Instrumentalities for Defendants' partners and customers, leading to direct or indirect revenues and profit.  On information and belief, without the availability of infringing tools such as the Accused Instrumentalities, Defendants would be at a disadvantage in the marketplace and would generate less revenue and profit overall.

64.     In particular, claim 2 of the '569 patent generally recites a method for electronically generating driving directions without text entry, the method comprising indicating a starting address or starting location on a map without text entry; indicating an ending address or ending location on a map without text entry; generating driving directions based on the indicated starting address or starting location and ending address or ending location; and indicating an intermediate address or location on the map where the generating generates driving directions from the starting address or location to the intermediate address and location and from the intermediate address or location to the ending address or location, wherein the intermediate address is indicated on a different map as one of the starting and ending address. (Ex. D at 4-11.)

65.     Use of the Accused Instrumentalities by Defendants' partners, customers, and/or end users infringes claim 2 of the '569 patent through a combination of features which collectively practice each limitation of claim 2.  (Ex. D at 4-11.)

66.     Volvo provides a method for electronically generating driving directions without text entry that comprises both indicating a starting address or starting location and an ending

address or ending location on a map without the use of text entry.  (Ex. D at 4-7.)  Through the Volvo system, a user may indicate its own address as the starting address by simply starting the navigation process which, by default, uses the current address as the starting address which is considered "normal navigation."  (Ex. D at 5-6 *see also*

https://az685612.vo.msecnd.net/pdfs/60e30a5db4efb136ed86c99e372daac667634796/SensusNavigation_MY19_en-GB_TP28352.pdf and

https://www.volvocars.com/uk/support/article/756fb1bb3660ff06c0a8015160bd611b, last accessed and downloaded May 28, 2020.)  Once a starting address has been selected, the user may then select an ending address by, in one example, providing voice instructions, without entering text.  (Ex. D at 7; *see also*

https://az685612.vo.msecnd.net/pdfs/60e30a5db4efb136ed86c99e372daac667634796/SensusNavigation_MY19_en-GB_TP28352.pdf at 9 and

https://www.volvocars.com/uk/support/article/756fb1bb3660ff06c0a8015160bd611b, last accessed and downloaded May 28, 2020.)

67.     The Volvo method also includes generating driving directions based on the indicated starting address or location and ending address or ending location.  For example, the Sensus system allows settings to be selected "define how the route is to be calculated and the road navigation presented in the navigation system."  (Ex. D at 8; *see also*

https://az685612.vo.msecnd.net/pdfs/60e30a5db4efb136ed86c99e372daac667634796/SensusNavigation_MY19_en-GB_TP28352.pdf at 22 and

https://www.youtube.com/watch?v=KVlujeJ67N0, last accessed and downloaded May 28, 2020.)

68.     The Volvo method also provides indicating an intermediate address or location on the map where the generating generates driving directions from the starting address or location to the intermediate address and location and from the intermediate address or location to the ending address or location.  (Ex. D at 9-10.)  For example, a user may create an itinerary, adding waypoints so that there is a "first defined position" as the itinerary's final destination and "subsequent positions [that] will be the itinerary's intermediate destinations."  (*See* Ex. D at 9-10; *see also* https://az685612.vo.msecnd.net/pdfs/60e30a5db4efb136ed86c99e372daac667634796/SensusNavigation_MY19_en-GB_TP28352.pdf at 15 and https://www.youtube.com/watch?v=KVlujeJ67N0, all last accessed and downloaded May 28, 2020.)  Once received, the Sensus system generates and determines driving directions from the starting address, to the waypoint, and then from that waypoint to the ending address.  (Ex. D at 9-10; *see also* https://www.youtube.com/watch?v=KVlujeJ67N0, last accessed and downloaded May 28, 2020.)

69.     The method provided by Volvo also provides cases wherein the intermediate address is indicated on a different map as one of the starting and ending address.  (Ex. D at 10-11.)  Once received, the Sensus system generates and determines driving directions from the starting address, to the waypoint, and then from that waypoint to the ending address, with the maps being displayed on different maps, sequentially.  (*See id.*; *see also* https://az685612.vo.msecnd.net/pdfs/60e30a5db4efb136ed86c99e372daac667634796/SensusNavigation_MY19_en-GB_TP28352.pdf at 15, last accessed and downloaded May 28, 2020.)

70.     Use of the Accused Instrumentalities by Defendants' partners, customers, and/or end users infringes claim 2 of the '569 patent through a combination of features which collectively practice each limitation of claim 2.  (*See,* Ex. D at 1-11).

71.     On information and belief, these Accused Instrumentalities are used marketed, provided to, and/or used by or for each of Defendants' partners, clients, customers, and end users across the country and in this District.

72.     Defendants were made aware of the '569 patent and its infringement thereof at least as early the filing of this Complaint.

73.     Upon information and belief, since at least the time Defendants received notice, Defendants have induced and continues to induce others to infringe at least one claim of the '569 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or conscious blindness, actively aiding and abetting others to infringe, including but not limited to each of Defendants' partners, clients, customers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '569 patent.

74.     In particular, Volvo's actions that aid and abet others to infringe include advertising and/or providing support services to partners contracted by Volvo or by distributing the Accused instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities which actively induce a user of the Volvo system to infringe the Asserted Claims.   For example, Volvo provides potential users with detailed instruction materials on how to operate the Sensus system in a way that infringes at least one claim of the '569 patent.  (Source: https://www.volvocars.com/uk/support/topics/maps-navigation/navigation-services, last accessed and downloaded May 28, 2020.)

75.     In addition, on information and belief, Volvo encourages its employees, contract workers, customers, and other third parties to use the Accused Instrumentalities.  (*See* https://www.volvocars.com/intl/why-volvo/human-innovation/future-of-driving/connectivity/sensus-navigation; and https://www.volvocars.com/uk/about/human-innovation/future-of-driving/connectivity; all last accessed and downloaded May 28, 2020.)

76.     Additionally, on information and belief, Volvo promotes the Accused Instrumentalities through advertising.  (*See* https://www.volvocars.com/intl/why-volvo/human-innovation/future-of-driving/connectivity/sensus-navigation; and https://www.volvocars.com/uk/about/human-innovation/future-of-driving/connectivity; all last accessed and downloaded May 28, 2020.)

77.     Volvo further provides technical support to help users of the Accused Instrumentalities address technical concerns.  (Source: Source: https://www.volvocars.com/uk/support/topics/car-systems; https://www.volvocars.com/uk/support/topics/maps-navigation/navigation-services, all last accessed and downloaded May 28, 2020.)

78.     Upon information and belief, Volvo has engaged in such actions with specific intent to cause infringement or with conscious blindness to the resulting infringement because Volvo has had actual knowledge of the '569 patent and that its acts were inducing the infringement of the '569 patent since at least the date Volvo received notice by this Complaint that such activities infringed the '569 patent.

79.     Upon information and belief, Defendants are liable as a contributory infringer of the '569 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States computerized navigation technologies, including firmware, software and/or code

with instructions for following the methods of the Asserted Claims in for operating the Sensus system in the Volvo cars, that is  especially made or adapted for use in an infringement of the '569 patent.  The Accused Instrumentalities are a material component for use in practicing the '569 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

80.     Volvo was made aware of the '569 patent and its infringement thereof at least as early as the filing and service of this Complaint.  Despite Plaintiff's notice to Volvo by this Complaint regarding the '569 patent, the Defendants continue to infringe the '569 patent.

81.     Upon information and belief, since at least the time it received notice by this Complaint, Volvo's infringement has been and continues to be willful.

82.     Plaintiff Omnitek has been harmed by Volvo's infringing activities with respect to the '569 patent.

83.     Omnitek reserves the right to modify its infringement theories as discovery progresses in this case.  It shall not be estopped for purposes of its infringement contentions or its claim constructions by the claim charts it provides with this Complaint.  Omnitek intends the claim chart (Exhibit D) for the '569 patent to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  The claim chart is not Omnitek's preliminary or final infringement contentions or preliminary or final claim construction positions.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendants as follows:

A.     An adjudication that Defendants have infringed the '057 patent;

B.      An adjudication that Defendants have infringed the '569 patent;

C.      An award of damages to be paid by Defendants adequate to compensate Plaintiff for Defendants' past infringement of the '057 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D.      An award of damages to be paid by Defendants adequate to compensate Plaintiff for Defendants' past infringement of the '569 patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

E.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

F.      An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: May 29, 2020                    DEVLIN LAW FIRM LLC

*/s/ Alex Chan*
Timothy Devlin (*pro hac vice* to be filed)
tdevlin@devlinlawfirm.com
Patrick R. Delaney (*pro hac vice* to be filed)
pdelaney@devlinlawfirm.com
Alex Chan (Texas Bar No. 24108051)
achan@devlinlawfirm.com
Cory Edwards (*pro hac vice* to be filed)
cedwards@devlinlawfirm.com
1526 Gilpin Ave.
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff,*
*Omnitek Partners LLC*